NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>of<br><br>ROBERT WHITE, as owner of a certain M/V, a 2005 Regal 18' bearing HIN: RGMBK599G4C5,<br><br>Petitioner. | OPINION<br><br>Civ. No. 16-cv-174 |

**<u>Walls, Senior District Judge</u>**

Petitioner Robert White, the owner of a motor vessel, filed a complaint under the Limitation of Shipowners' Liability Act seeking limitation of any liability arising from an incident that allegedly occurred on the vessel. After giving notice to all known potential claimants, Petitioner White now seeks an order of default exonerating him from liability and barring all claims other than those already asserted by Claimants Mietek Boksz and Lolbe Ramirez. Decided without oral argument, Fed. R. Civ. P. 78, Petitioner White's motion for exoneration and default is granted.

### FACTUAL AND PROCEDURAL HISTORY

Except where noted, the following facts are taken as alleged in Petitioner Robert White's complaint for exoneration from or limitation of liability. ECF No. 1. On or about September 15, 2013, Petitioner White, a resident of Midland Park, New Jersey, was the owner of a 2005 Regal 18' bearing the Hull Identification Number ("HIN") RGMBK599G4C5 (the "vessel"). *Id.* ¶ 3. On or about the same date, Evin White, a resident of Bloomingdale, New Jersey, operated the vessel on Greenwood Lake, a "navigable waterway connecting New York and New Jersey in the

1

County of Passaic and State of New Jersey." *Id.* ¶ 4. Ania Boksz, a resident of Ringwood, New Jersey, also operated the vessel. Complaint in *Ramirez v. White et al.*, PAS-L-3136-15 (N.J. Sup. Ct., Passaic County, Sept. 11, 2015), Aff. Marc. A. Futterweit in Supp. Ramirez Mot. File Answer, ECF No. 9-1 Ex. 1 ¶¶ 4, 9-11. Claimant Lolbe Ramirez, a resident of Bloomingdale, New Jersey, was a passenger on the Vessel. *Id.* ¶¶ 1, 8.

On or about September 15, 2013, while Claimant Ramirez was a passenger on the vessel, a rope attached to a tube became twisted around her left leg. *Id.* ¶ 11. The tube broke loose from the boat and fell into the water, pulling Claimant Ramirez with it and causing injury to her leg. *Id.* ¶ 12; ECF No. 1 ¶ 4.

On September 11, 2015, Claimant Ramirez filed a complaint in the Superior Court of New Jersey, Law Division, Passaic County, bringing negligence claims against Petitioner Robert White, Evin White, Ania Boksz, and Mietek Boksz, a resident of Ringwood, New Jersey, along with the fictitious defendants John Doe 1-100, and A.B.C. Company (1-100), ECF No. 9-1 Ex. 1.

On January 8, 2016, Petitioner White filed a complaint in this Court under the Limitation of Shipowners' Liability Act (the "Limitation Act"), 46 U.S.C. §§ 30501, *et seq.*, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure seeking exoneration from or limitation of liability to $6,5000, the "post-casualty" value of the vessel, in connection with any claims arising out of the September 15, 2013 incident on the vessel, including Claimant Ramirez's state court action. ECF No. 1. On February 11, 2016, Magistrate Judge Cathy L. Waldor issued an order (a) staying all other actions, filed in any court, arising out of the September 15, 2013 incident, (b) directing the Clerk of Court to issue notice to all potential claimants that they must file claims in this Court on or before April 8, 2016, and (c) ordering Petitioner White to publish notice of the order in *The*

*Paterson Times* and *The Herald News* once a week for the four weeks before April 8, 2016, and to provide copies of the notice by mail to all known potential claimants. Order Restraining Suits and Directing Issuance of Notice and the Filing of Claims, ECF No. 2.

Claimant Mietek Boksz filed an answer, crossclaim against Evin White, and counterclaim against Petitioner Robert White on April 7, 2016, ECF No. 3, and Petitioner White filed an answer to the counterclaim on April 14, 2016. ECF No. 6. Claimant Boksz dismissed his cross-claim against Evin White on July 1, 2016. ECF No. 19.

On June 8, 2016, Magistrate Judge Waldor granted Claimant Ramirez an extension of time to file a claim. ECF No. 13. Claimant Ramirez filed a claim for damages against Petitioner White and cross-claims for damages against Evin White, Mietek Boksz, and Ania Boksz. ECF No. 16. Claimant Ramirez filed an amended claim and third-party claim on June 28, 2016, asserting a claim against Petitioner White, a cross-claim against Mietek Boksz, and third-party claims against Evin White and Ania Boksz. ECF No. 18.

To date, no other Parties or potential Parties have filed claims in this action. On July 12, 2016, Petitioner White filed a motion for an order entering default against and barring the potential claims of all claimants other than Claimants Boksz and Ramirez. ECF No. 22.

## LEGAL STANDARD

The Limitation Act, originally designed "to limit the liability of vessel owners to their interests in the adventure and thus to encourage shipbuildig [sic] and to induce capitalists to invest money in this branch of the industry," *The British Transp. Comm'n v. United States*, 354 U.S. 129, 133 (1957), allows the owners of ships to limit their liability "for any claim, debt, or liability" arising out of a maritime incident onboard their vessel to the "value of the vessel and pending freight" if the incident occurred "without the privity or knowledge of the owner." *See* 46

U.S.C. § 30505(a) and (b). Under the Act, "[a]n owner may bring a limitation action in federal district court within six months of receiving written notice of a claim" against him. *In re Miss Belmar II Fishing Inc.*, 2014 WL 1217771, at *2 (D.N.J. March 24, 2014) (quoting *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014)). Once the ship owner has filed a limitation action and deposited an amount equal to the value of the vessel with the district court, all other "claims and proceedings against the owner related to the matter in question shall cease." *Id.* (quoting 46 U.S.C. § 30511). Under Supplemental Admiralty Rule F, the district court then issues a notice directing all persons asserting claims arising out of the maritime incident to file their claims in the court within a specified period of time, "not less than 30 days after issuance of the notice." Fed. R. Civ. P. Supp. Admiralty R. F(4). The petitioner must also publish notice of the limitation action "in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims" and must mail a copy of the notice "to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose" no later than the date of the second publication of notice. *Id.* "Those who do assert claims form a *concursus* that allows the district court to determine the liability of the owner to each individual in a single proceeding, constraining the total liability to the value of the vessel." *In re Miss Belmar II Fishing Inc.*, 2014 WL 1217771, at *2 (quoting *Offshore of the Palm Beaches, Inc.*, 741 F.3d at 1257). The court may "enter a default against any potential claimants who have not submitted timely filings." *Id.*

## DISCUSSION

Petitioner White argues that default is warranted against all potential claimants who have not yet entered this action because he complied with the notice requirements of Magistrate Judge

Waldor's February 11, 2016 order staying related actions, *see* ECF No. 2, and because the April 8, 2016 deadline for filing claims set by the order has passed. Certif. Timothy E. Annin, Esq. in Supp. Pet. Motion to Bar Claims and Exonerate Pet., ECF No. 22-1 ¶¶ 4-15, 17. The Court agrees.

To repeat, Magistrate Judge Waldor ordered Petitioner White to publish notice of his petition for exoneration under the Limitation Act in the *Paterson Times* and the *Herald News* "once a week for four (4) weeks before the return date" of the notice, and to mail copies of the notice "to every person known to have any claim or potential claim against the Vessel or Petitioner, or to their attorneys," as required by Fed. R. Civ. P. Supp. Admiralty R. F(4). ECF No. 2 at 3. Petitioner White states that he published notice in the *Herald News* on February 29, 2016, March 7, 2016, March 14, 2015, and March 21, 2016, ECF No. 22-1 ¶ 6, and he provides a copy of the publication notice and proof of publication on these dates from an employee of the *Herald News*. *See* ECF No. 22-1 Ex. A. Petitioner White states that he contacted the *Paterson Times* by telephone and email in an attempt to publish notice but did not receive a response. ECF No. 22-1 ¶ 7. Instead, he published notice in the *Star-Ledger*, another "newspaper of general circulation," on March 7, 2016, March 14, 2016, March 21, 2016, and March 28, 2016. *Id.* ¶ 8. Petitioner White again provides a copy of the publication notice and proof of publication on those dates from an employee of the *Star-Ledger*. *See* ECF No. 22-1 Ex. B. Although Magistrate Judge Waldor's order directed Petitioner White to publish notice of the petition in the *Paterson Times*, the Court finds that he substantially complied with the notice requirement by finding another newspaper of general interest and publishing the notice for four consecutive weeks before the April 8, 2016 return date.

Petitioner White also complied with the requirement that he mail copies of the notice "to every person known to have any claim or potential claim against the vessel or Petitioner, or to their attorneys" no later than the date of the second publication of the notice. ECF No. 2 at 3. He provides copies of all the letters containing notice to potential claimants. Petitioner White states that: (a) on February 18, 2016, he mailed the notice to counsel for Claimant Ramirez, ECF No. 22-1 ¶ 9; *see also* ECF No. 22-1 Ex. C (letter); (b) on February 17 and 18, 2016, he mailed the notice to counsel for Claimant Boksz, ECF No. 22-1 ¶¶ 10-11; *see also* ECF No. 22-1 Ex. D, E (letters); (c) on March 1, 2016, he mailed the notice to Liam Glass, another passenger on the vessel on the date of the incident, ECF No. 22-1 ¶ 12; *see also* ECF No. 22-1 Ex. F (letter); (d) on March 1, 2016, he mailed the notice to Jenny Bogert, another passenger on the vessel on the date of the incident, ECF No. 22-1 ¶ 13; *see also* ECF No. 22-1 Ex. G (letter); (e) on March 1, 2016, he mailed the notice to Alyssa Rosania, another passenger on the vessel on the date of the incident, ECF No. 22-1 ¶ 14; *see also* ECF No. 22-1 Ex. H (letter); and (f) on March 1, 2016, he mailed the notice to Christina Dyda, another passenger on the vessel on the date of the incident, ECF No. 22-1 ¶ 15; *see also* ECF No. 22-1 Ex. I (letter). Petitioner White states that he is unaware of any other individuals who may have claims against him or the vessel arising from the incident on February 15, 2013. ECF No. 22-1 ¶ 16.

As discussed, Claimants Boksz and Ramirez have both filed claims in this action. No other individuals, including Liam Glass, Jenny Bogert, Alyssa Rosania, and Christina Dyda, have filed claims. *See* ECF No. 3; ECF No. 18. The final date to file a claim, as specified in Magistrate Judge Waldor's February 11, 2016 order and the notices published in the *Herald News* and *Star Ledger* and mailed to all known potential claimants, was April 8, 2016.

Under the Limitation Act and Fed. R. Civ. P. Supp. Admiralty R. F(4), Petitioner White and the vessel are entitled to exoneration from liability from all claims arising out of the incident on September 15, 2013 except for those already asserted by Claimants Boksz and Ramirez.

## CONCLUSION

The Court orders the Clerk of the Court to enter default against all potential claimants other than Mietek Boksz and Lolbe Ramirez, including Liam Glass, Jenny Bogert, Alyssa Rosania, and Christina Dyda, for all claims arising out of an incident involving the vessel on Greenwood Lake, New Jersey on September 15, 2013. All claims arising out of the incident other than those already asserted by Claimants Mietek Boksz and Lolbe Ramirez are barred. An appropriate order follows.

DATE: 16 August 2016

William H. Walls
Senior United States District Court Judge