NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT of ROBERT WHITE, as owner of a certain M/V, a 2005 Regal 18' bearing HIN: RGMBK599G4C5, Petitioner. | OPINION Civ. No. 16-cv-174 |

**Walls, Senior District Judge**

Petitioner Robert White, the owner of a motor vessel, filed a complaint under the Limitation of Shipowners' Liability Act seeking limitation of any liability arising from an incident that allegedly occurred on the vessel. Claimant Lolbe Ramirez filed a third-party negligence claim against Defendant/Cross-Claimant Mietek Boksz and now moves for default judgment against him. Boksz opposes the motion for default judgment and seeks permission of the Court to file an answer to the cross-claim, *nunc pro tunc*. Decided without oral argument, Fed. R. Civ. P. 78, Claimant Ramirez's motion for default judgment is denied and Boksz's motion for permission to file an answer is granted.

## FACTUAL AND PROCEDURAL HISTORY

A full factual and procedural history of this matter is detailed in the Court's August 16, 2016 opinion granting Petitioner Robert White's motion for default against all potential claimants other than Ramirez and Boksz and incorporated here. ECF No. 31. In brief, on or about September 15, 2013, Claimant Ramirez, a resident of Bloomingdale, New Jersey, was injured while riding aboard a 2005 Regal 18' bearing the Hull Identification Number ("HIN")

1

NOT FOR PUBLICATION

RGMBK599G4C5 (the "Vessel") on Greenwood Lake, a "navigable waterway connecting New York and New Jersey in the County of Passaic and State of New Jersey." Complaint, ECF No. 1 ¶¶ 1, 3-4, 8. The Vessel, which was owned by Robert White, was allegedly operated by Evin White, a resident of Bloomingdale, New Jersey, and Ania Boksz, a resident of Ringwood, New Jersey. *Id.* ¶ 4; Complaint in *Ramirez v. White et al.*, PAS-L-3136-15 (N.J. Sup. Ct., Passaic County, Sept. 11, 2015), Aff. Marc. A. Futterweit in Supp. Ramirez Mot. File Answer, ECF No. 9-1 Ex. 1 ¶¶ 4, 9-11.

On September 11, 2015, Claimant Ramirez filed a complaint in the Superior Court of New Jersey, Law Division, Passaic County, bringing negligence claims against Petitioner Robert White, Evin White, Ania Boksz, and Mietek Boksz, a resident of Ringwood, New Jersey and the father of Ania Boksz, along with the fictitious defendants John Doe 1-100, and A.B.C. Company (1-100), ECF No. 9-1 Ex. 1.

On January 8, 2016, Petitioner White filed a complaint in this Court under the Limitation of Shipowners' Liability Act (the "Limitation Act"), 46 U.S.C. §§ 30501, *et seq.*, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure seeking exoneration from or limitation of liability to $6,5000, the "post-casualty" value of the Vessel, in connection with any claims arising out of the September 15, 2013 incident on the Vessel, including Claimant Ramirez's state court action. ECF No. 1. On February 11, 2016, Magistrate Judge Cathy L. Waldor issued an order that, among other things, stayed Claimant Ramirez's state court action and directed all potential claimants to file claims in this Court on or before April 8, 2016. Order Restraining Suits and Directing Issuance of Notice and the Filing of Claims, ECF No. 2.

2

NOT FOR PUBLICATION

Mietek Boksz filed an answer, crossclaim against Evin White, and counterclaim against Petitioner Robert White on April 7, 2016, ECF No. 3. Lolbe Ramirez missed the April 8, 2016 deadline for filing claims, and the Court granted her permission to file a late answer and claim on June 8, 2016. ECF No. 13. Claimant Ramirez filed an answer, claim for damages against Petitioner White, and cross-claims for damages against Evin White, Mietek Boksz, and Ania Boksz on June 15, 2016. ECF No. 16. Claimant Ramirez filed an amended claim and third-party claim on June 28, 2016, asserting a claim against Petitioner White, a cross-claim against Mietek Boksz, and third-party claims against Evin White and Ania Boksz. ECF No. 18. In the amended cross-claim against Mietek Boksz, Claimant Ramirez seeks to hold him "vicariously liable for the negligent, reckless, and/or improper conduct of his minor daughter Ania Boksz and liable for negligently entrusting her with the Vessel, failing to properly train her to operate the Vessel, and failing to properly supervise her." *Id.* ¶ 22.

On July 26, 2016, Claimant Ramirez filed a motion for default judgment against Mietek Boksz, arguing that he failed to answer or otherwise respond to her cross-claim within fourteen days of service of the amended pleading, as required by Fed. R. Civ. P. 15. ECF No. 23. Mietek Boksz filed a brief in opposition and motion for leave to file an answer to Ramirez's cross-claim, *nunc pro tunc*, on August 10, 2016. ECF No. 29. Lolbe Ramirez filed a reply brief in support of her motion for a default judgment against Mr. Boksz on August 15, 2016. ECF No. 30. Mr. Boksz sought leave to file a sur-reply in support of his cross motion and opposition to Ms. Ramirez's motion for a default judgment, which the court denied on August 24, 2016. ECF No. 37.

## LEGAL STANDARD

I.  **Motion for default judgment and motion to set aside default**

3

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

A party seeking default judgment must also first obtain an entry of default. *Limehouse v. Delaware*, 144 Fed App'x 921, 923 (3d Cir. 2005). If a party has obtained a default, the defaulting party may move to "set aside an entry of default for good cause" under Fed. R. Civ. P. 55(c). In exercising its discretion, the court considers the same factors it does when evaluating a motion for default judgment: (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256–57 (3d Cir.

2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Because a default judgment prevents a plaintiff's claims from being decided on the merits, the Court "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). Cases should be "disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). When a party moves to set aside a default, any doubts as to whether the default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

### II.   Motion for leave to file a late pleading

The Limitation Act, originally designed "to limit the liability of vessel owners to their interests in the adventure and thus to encourage shipbuildig [sic] and to induce capitalists to invest money in this branch of the industry," *The British Transp. Comm'n v. United States*, 354 U.S. 129, 133 (1957), allows the owners of ships to limit their liability "for any claim, debt, or liability" arising out of a maritime incident onboard their vessel to the "value of the vessel and pending freight" if the incident occurred "without the privity or knowledge of the owner." *See* 46 U.S.C. § 30505(a) and (b). Under the Act, "[a]n owner may bring a limitation action in federal district court within six months of receiving written notice of a claim" against him. *In re Miss Belmar II Fishing Inc.*, 2014 WL 1217771, at *2 (D.N.J. March 24, 2014) (quoting *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014)). Once the ship owner has filed a limitation action and deposited an amount equal to the value of the vessel with the district court, all other "claims and proceedings against the owner related to the matter in

question shall cease." *Id.* (quoting 46 U.S.C. § 30511). Under Supplemental Admiralty Rule F, the district court then issues a notice directing all persons asserting claims arising out of the maritime incident to file their claims in the court within a specified period of time, "not less than 30 days after issuance of the notice." Fed. R. Civ. P. Supp. Admiralty R. F(4). "Those who do assert claims form a *concursus* that allows the district court to determine the liability of the owner to each individual in a single proceeding, constraining the total liability to the value of the vessel." *In re Miss Belmar II Fishing Inc.*, 2014 WL 1217771, at *2 (quoting *Offshore of the Palm Beaches, Inc.*, 741 F.3d at 1257).

Although the district court may enter default against individuals who fail to submit claims within the specified period of time, *id.*, Supplemental Admiralty Rule F provides that, "[f]or cause shown, the court may enlarge the time within which claims may be filed." Fed. R. Civ. P. Supp. Admiralty R. F(4). The Rule gives the court discretion to permit the filing of an untimely claim, even if the court has already entered an order of default against the would-be claimant. *In re Miss Belmar II Fishing Inc.*, 2014 WL 1217771, at *3 (citing, e.g., *In re Trace Marine Inc.*, 114 Fed App'x 124, 126-27 (5th Cir. 2004)).

"[C]ourts generally consider three factors in deciding whether to allow late claimants to file untimely claims: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of any party to the litigation; and (3) the claimant's proferred reason – the cause – for filing the late claim." *In re Complaint of Seastreak, LLC*, 2014 WL 3339557, at *2 (D.N.J. July 8, 2014) (citing *Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001); *Jappinen v. Canada Steamship Lines, Ltd.*, 417 F.2d 189 (6th Cir. 1969)).

NOT FOR PUBLICATION

With regard to the third factor, Courts of Appeals disagree on whether a potential claimant must show good cause, *see*, e.g., *In re Trace Marine*, 114 Fed App'x at 126-27, or simply "minimal cause." *See*, e.g., *Alter Barge Line*, 272 F.3d at 397. Although the Third Circuit has not ruled on this issue, courts within the District of New Jersey have applied a standard lower than "good cause." *See*, e.g., *In re Seastreak, LLC*, 2014 WL 3339557, at *2; *In re Deray*, 2006 WL 1307673, at *1. In any event, the "reason underlying the late filing must outweigh the potential prejudice to the existing parties, which is a fact specific inquiry." *In re Seastreak LLC*, 2014 WL 3339557, at *2 (citing *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1969)).

## DISCUSSION

### I. Claimant Ramirez's motion for default judgment

Claimant Ramirez argues that default judgment is warranted against Mietek Boksz on her amended cross-claims against him because Boksz did not file an answer or otherwise respond to the cross-claims by the July 12, 2016 deadline provided by Fed. R. Civ. P. 15. ECF No. 23 at 2. As an initial matter, Claimant Ramirez's motion must be denied as premature because she has not yet requested or received an entry of default against Boksz. *See Limehouse*, 144 Fed App'x at 923.

In any event, even if the Clerk of the Court were to enter default against Boksz, the Court agrees that "good cause" would exist to vacate the default and deny Ramirez's motion for default judgment. Brief in Opp. Mot. Default Judgment and Supp. Mot. File Answer to Lolbe Ramirez Cross-claim, ECF No. 28-2 at 2. Although Boksz's answer to Ramirez's cross-claim is technically "delayed," he is not the typical absent party in a motion to dismiss. Boksz states that he filed a timely answer to Ramirez's initial state court complaint, *see* Cert. Martha D. Lynes in

7

Opp. Mot. Default Judgment and Supp. Mot. File Answer to Lolbe Ramirez Cross-claim, ECF No. 28-1 ¶ 3, and he filed a timely answer to Petitioner White's limitation action in this Court. ECF No. 3. Counsel for Boksz also participated in June 3, 2016, July 7, 2016, and August 3, 2016 conferences between the Parties in this action with Magistrate Judge Waldor. ECF No. 28-1 ¶¶ 6, 10. Claimant Ramirez will not be prejudiced by the denial of default judgment against a Party who has already responded to her claims in another forum and who has actively participated in all stages of this action (including, as Boksz points out, consenting to Ramirez's own application to file a late answer to Petitioner White's complaint, *id.* ¶ 7).

Nor does Claimant Ramirez provide any evidence that Boksz's delay is due to "culpable conduct," which "surpasses mere negligence and consists of willful, intentional, reckless or bad faith behavior." *S.G. Enterprise, LLC v. Seaboard Paper and Twine*, 2015 WL 3630965, at *3 (D.N.J. June 10, 2015) (citing *Hritz*, 732 F.2d at 1182). Counsel for Boksz states that she did not file a timely answer to Claimant Ramirez's cross-claim because she was out of the office for a week and was "addressing family issues related to serious medical conditions" of her mother. *Id.* ¶ 9. This does not rise to the level of "willful, intentional, reckless or bad faith behavior," particularly because, as discussed, counsel for Boksz participated in status conferences shortly before and after the two-week period for filing an answer to Ramirez's cross-claim.

Given the Court's preference to dispose of cases on the merits "whenever practicable," *Hritz*, 732 F.2d at 1181, the Court denies Claimant Ramirez's motion for default judgment.

II. **Mietek Boksz's motion for leave to file a late answer**

For similar reasons, the Court grants Boksz's motion to file an answer *nunc pro tunc*. As discussed, good cause would exist to set aside any default against Boksz and allow him to defend

Claimant Ramirez's cross-claim on the merits. Good cause to allow a later answer also exists under the three-factor analysis of Supplemental Admiralty Rule 4.

First, the proceeding is still pending or undetermined. Although the Court has barred the claims of potential claimants other than Ramirez and Boksz, ECF No. 32, it has not yet ruled on any substantive issues involving responsive Parties. Under the scheduling order issued by Magistrate Judge Waldor on August 3, 2016, discovery will extend through January 31, 2017. ECF No. 27. Courts have permitted claims filed significantly later in limitations proceedings. *See*, e.g., *In re Seastreak, LLC*, 2014 WL 3339557, at *2-3 (finding that first factor weighed in favor of allowing late filing after "some claims" had settled and discovery had begun).

Second, granting Boksz's motion will not prejudice any party. As discussed, Boksz has long been active in both this matter and Claimant Ramirez's initial state action. He filed timely answers to Ramirez's state court complaint and to Petitioner White's limitation complaint, and he has participated in status conferences. Ramirez makes no showing that she will be prejudiced if Boksz is allowed to continue to defend himself against her cross-claim.

Third, Boksz shows the requisite cause to grant permission to file a late action. As discussed, counsel for Boksz states that she was out of the office and was dealing with a family illness during Rule 55's two-week answer period. Because courts have held "the negligence of the claimant or his attorney" to be a sufficient reason for the late filing of a claim, *see Alter Barge Line*, 272 F.3d at 397 (citing, e.g, *In re M.V. President Kennedy, Ltd.*, 2000 WL 351425, at *3 (S.D.N.Y. Apr. 5, 2000) (claimant delayed in retaining counsel), this Court finds Boksz's show of cause to be adequate.

NOT FOR PUBLICATION

## CONCLUSION

Claimant Ramirez's motion for default judgment on her cross-claim against Mietek Boksz is denied. Boksz's motion for leave to file an answer to Ramirez's cross-claim, *nunc pro tunc*, is granted. An appropriate order follows.

DATE: 7 September 2016

William H. Walls
Senior United States District Court Judge